Caldwell, J.
The first question raised was decided by this court in the case of Harrison Johnson v. The State of Ohio, (17 Ohio Rep. 593.)
The court in that case decided that the declarations of the injured female,-made immediately after the offense was committed, may be given in evidence, to sustain her testimony given in court, but not as substantive testimony, to prove the commission of the offense. And for this purpose of corroboration alone, we understand from the record, the evidence in the case now before us was received; and that it related only to such declarations as were made immediately after the commission of the alleged offense.
But the most important question arising in the case, and the only one that the counsel for the accused have relied on.in argument, arises on the admission of Robert Johnson, the father of the girl, as a witness.
This is a question of no little delicacy. It relates, exclusively, to the fairness of proceeding on the trial. Much may be said on both sides of the case, and on the part of the accused *102 in this case, many considerations meriting a careful examination have been presented. On the one side, where the order of the court has been made for the witnesses to retire, and be exam ined out of the hearing of each other, if a witness remains in violation of the order, it furnishes strong ground of suspicion that the witness is not fairly disposed in the cause, and that he wishes to avail himself of the testimony of the other witnesses, in order to make his statements as potent as possible, by making them correspond with theirs.
Where, too, a party in interest in the cause, after the order has been made, should procure his witnesses to be present in violation of such order, it is equally suspicious that he intends a similar degree of wrong and unfairness. On the other hand, when we consider the little control that a party can have ovei his witnesses; the little attention he is likely to be able to give to their movements; the crowds and the confusion that generally exist during exciting trials, rendering it impossible to note who are present; the questions that may arise on the trial, that could not be anticipated, and which may require bystanders to be called in as witnesses, who have been present and heard the other witnesses testify, — these and other considerations which might be presented, render it difficult, and we think impossible, to establish any general rule of exclusion that would not in many cases deprive parties of important and necessary testimony, for the fair presentation of their cause. Nor do we find that any such rule has been established in the United States.
The authorities in this country, so far as they go, are against any such rule of absolute exclusion; although we have been able to find but little on the subject. In North Carolina, in the case of The State v. Sparrow, (3 Murphy’s Reports 487) it is decided that the witness may be sworn, although suffered to remain even by design of the party.
Henderson, Judge, in deciding this case, doubted the right to exclude for incompetency, in any case, as a consequence of the witness disobeying the order. But the court say that “ a refu *103 sal by either party to comply with an order of separation would make an unfavorable impression, would be fairly open to observation, and go to the credit of the witnesses.”
In Cowen & Hill’s notes to Phillips’s Evidence, vol. 2, page 722, note 501, the author, after reviewing the authorities, appears to arrive at the conclusion that it is a matter of discretion with the judge to exercise the power of exclusion or not.
He says: On the whole, it seems that although the right to exclude witnesses, for willful disobedience of the order, be well established, yet judges are quite cautious of exercising the power. The reason probably is, because a party may in that way, without any fault of his own, be put in very great hazard, by losing important testimony. He cannot prevent the misbehavior of his witnesses.”
In G-reenleaf’s Evidence, page 505, it is said: “ If a witness remains in violation of the order, it is in the discretion of the judge whether or not he shall be examined.”
In some of the English courts, the rule has been more stringently applied than it has ever been in this country. In the court of exchequer, the rule is said to be inflexible, that a witness who is present and hears the testimony of the other witnesses, in violation of the order, shall not be examined.
Starkey and Phillips both lay down the rule, generally, that under such circumstances the witness will be excluded. Still we would infer from the authorities, so far as we have been able to examine them, that with the exception of the court of exchequer, it is within the discretion of the judge to admit the witness, although he may have been present in violation of the order. In the case of Parker v. McWilliam,, 6th Bing. 683, the court hold that it is “ always in the discretion of the judge to receive a witness who remains in court after an order to withdraw, except in the exchequer, where he is peremptorily exclud ed.” It is certainly a good practice, where a party requests it, to have the witnesses examined separately. And we think (as in the case before us) where the witness is called to testify as to the previous statements of a witness, in order to corroborate the *104 statement of such witness on the trial, it is especially necessary And a rightminded judge will be very careful, particularly in a criminal case, where the defendant is generally in custody, unable to attend to his interests, in seeing that the order of the court is strictly complied with. Still we do not find that any rule has been established, in this country, that would justify this court, as a court of errors, in deciding that it was error in an inferior court to admit a witness who had violated the order, and heard the other witnesses testify. We think the law is the •other way; and that the court of common pleas in this instance had the right, in their discretion, to admit the witness.

Judgment affirmed.